# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-32 (JNE/BRT) |
| Plaintiff, | |
| v. | |
| John Frederick Krisnik, | **ORDER** |
| Defendant. | |

Katharine T. Buzicky, Esq., Assistant United States Attorney, counsel for Plaintiff.

Patrick L. Cotter, Esq., Sieben & Cotter, PLLC, counsel for Defendant.

This action came on for hearing before the Court on July 9, 2018, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

    **1.**     **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendant does not oppose this motion. Therefore, the Government's Motion for Discovery (**Doc. No. 11**) is **GRANTED**.

    **2.**     **Defendant's Motion for Discovery and Inspection.** Defendant moves for discovery of statements made by the Defendant, documents and tangible objects, reports of examinations and tests, expert witnesses, Defendant's criminal record, and witness

statements. The Government responds that it has complied with its discovery obligations under Federal Rule of Criminal Procedure 16, and will continue to do so on an ongoing basis. On that understanding, Defendant's Motion for Discovery and Inspection **(Doc. No. 12)** is **GRANTED**.

3. **Defendant's Motion for Disclosure of Results and Reports of Computer Forensic Testing.** Defendant moves for an Order directing the Government to disclose the results and reports of any computer forensic testing pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F). The Government responds that it is aware of its obligations under Rule 16 and 18 U.S.C. § 3905(m), which applies to cases involving child pornography, that it has complied with its obligations in this case, and that it will continue to do so. On that understanding, Defendant's Motion for Disclosure of Results and Reports of Computer Forensic Testing **(Doc. No. 13)** is **GRANTED**.

4. **Defendant's Motion for Early Disclosure of Jencks Act Materials.** Defendant moves for early disclosure of Jencks Act materials. The Government objects to any court-ordered disclosure of witness statements prior to the witness's testimony. *See* 18 U.S.C. § 3500. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 14)** is **DENIED**, with the understanding that the Government agrees to provide Jencks material one week before trial if the Defendant makes reciprocal disclosures.

**5. Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Act Evidence.** Defendant moves for an Order requiring the Government to give notice of its intent to use "other crimes, wrongs, or acts" evidence, as that phrase is used in Federal Rule of Evidence 404(b). The Government states that it is aware of its obligations under Rule 404(b) and intends to comply fully with those obligations. The Government requests that the order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). On that understanding, that aspect of Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Act Evidence **(Doc. No. 15)** is **GRANTED**.[1]

**6. Defendant's Motion to Compel the Government's Attorney to Disclose Evidence Favorable to the Defendant.** Defendant moves for an order compelling the disclosure of exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963),

---

[1] To the extent that this motion seeks to exclude testimony by certain witnesses regarding Defendant's other alleged crimes, wrongs, and acts, that aspect of the motion is denied without prejudice and can be decided by the District Court if this case were to go to trial. This part of the briefing was confusing because the Government chose to address this motion and Defendant's Motion to Exclude Any Testimony or Other Evidence Offered as Other Crimes, Wrongs, Acts or Character of the Defendant (Doc. No. 24) in the same section of its brief. (Doc. No. 27, Gov't's Resp. 3–4.)

*Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government responds that it is aware of its obligations under *Brady* and *Giglio*. Defendant's Motion to Compel the Government's Attorney to Disclose Evidence Favorable to the Defendant **(Doc. No. 16)** is **GRANTED**.

7. **Defendant's Motion for Government Retention of Rough Notes.** The Government does not object to this motion, and has instructed investigators and agents to maintain their rough notes. Therefore, Defendant's Motion for Government Retention of Rough Notes **(Doc. No. 17)** is **GRANTED**.

8. **Defendant's Motion to Suppress Evidence Obtained from the Search of Defendant's Residence.** Defendant moves to suppress all evidence obtained from the execution of a search of his residence located at a certain address in Apple Valley, Minnesota 55124 on July 29, 2015. The parties requested post-hearing briefing on this motion. The Government shall file its post-hearing brief on the issues raised in his suppression motion no later than **July 23, 2018**, and the Defendant shall file his response by **August 6, 2018**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 22)** under advisement on **August 6, 2018**, and issue a **Report and Recommendation** to the District Court.

9. **Defendant's Motion to Exclude Any Testimony or Other Evidence Offered as Other Crimes, Wrongs, Acts or Character of the Defendant.** Defendant moves to exclude the testimony of any witness regarding prior untested and alleged crimes, wrongs, acts, or character traits. The Court agrees with the Government that this motion is premature and can be decided by the District Court should the case go to trial.

4

Therefore, Defendant's Motion to Exclude Any Testimony or Other Evidence Offered as Other Crimes, Wrongs, Acts or Character of the Defendant **(Doc. No. 24)** is **DENIED WITHOUT PREJUDICE**.

10. **Defendant's Motion to Suppress Statements, and Answers Made by Defendant to Law Enforcement Officers that the Government Intends to Use at Trial.** Defendant moved for an order excluding any testimony or physical evidence relating to questions posed to Defendant and answers made by Defendant to law enforcement officers. (Doc. No. 25.) At the hearing, the Government represented that it would not seek to introduce any such statements or evidence. Based on that representation, Defendant withdrew the motion at the hearing.

11. The deadline to submit proposed voir dire and jury instructions, as well as the dates for the final pretrial/status conference and jury trial before United States District Judge Joan N. Ericksen, will be set following a ruling on Defendant's Motion to Exclude. (Doc. No. 22.)

Date: July 10, 2018.

                                           *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge